ERIC GRANT
United States Attorney
ROBERT L. VENEMAN-HUGHES
JOSHUA B. BANISTER
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099
Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:25-CR-00166-KES-BAM |
| Plaintiff, | SENTENCING MEMORANDUM |
| v. | |
| STANISLAV YELIZAROV | |
| Defendants. | |

The Government agrees with the recommendation of probation and recommends 120 months in the Bureau of Prisons. No lesser sentence would be sufficient to reflect the seriousness of the defendant's conduct, deter future criminal conduct, or protect the public from his future crimes.

**I.    Defendant's egregious and violent criminal history shows his risk to the public and lack of respect for the law**

Defendant's criminal history is shocking and violent. As a juvenile, he robbed someone at sword and knife point, leaving the victim in fear for their life. PSR ¶ 48. Then, once an adult, he burglarized someone's home to steal jewelry in March 2009, which he followed up with another burglary in April 2009, this time to steal firearms. PSR ¶ 42. A few months after stealing those firearms, Defendant robbed two individuals at gunpoint in August 2009; during the robbery, he threatened to kill the victims if they contacted police, beginning a pattern of trying to obstruct justice in order to further his violent acts. PSR ¶ 37. While pending trial in the August 2009 robberies, Defendant went to the jeweler to whom he had sold the stolen jewelry from the March 2009 burglaries and used the handgun he had stolen to murder and rob the jeweler, a crime for which he evaded detection for years. PSR ¶ 42.

Sentencing Memorandum                                    1

He spent several years in prison for the 2009 robbery; when he was released on parole in 2012, he immediately went back to terrorizing the community. PSR ¶ 37. In the summer of 2012, Defendant organized conspirators first to commit an armed home invasion robbery to steal firearms where he threatened to kill the victim and then to burglarize another residence for firearms in December 2012. PSR ¶ 41. In early 2013, Defendant used the firearms he had taken to kidnap an employee of a jewelry store in order to rob the store itself; during the kidnapping, he told the victim that if he reported the incident to the police, he would kill the victim's family. *Id.* Defendant was still on parole at the time of this kidnapping, and because his parole restrictions prevented him from traveling, he lied to border agents later in 2013 after purchasing a car in Canada using proceeds from the robbery. PSR ¶ 40. Nor has Defendant's post-conviction conduct been pristine. Defendant has, in addition to the threats in this case, sent threats to judges and defense attorneys involved in his prior cases.

Taken collectively, Defendant's criminal history is extreme, even for a career offender. If his guidelines did not exceed the statutory maximum, the breadth and severity of Defendant's crimes would justify an above-guidelines sentence, as a criminal history category of VI underrepresents the risk to the public he poses. His history, up to and including this offense, demonstrates a complete disrespect for the law and for the safety of the public and justifies a sentence at the statutory maximum.

**II.     Defendant's present conduct is extreme and he poses a risk to the public whenever he is released**

Defendant's current conduct occurred while he was in custody, where he threatened the prosecutor in several of his past cases multiples in both letters and phone calls. In addition to the prosecutor personally, he threatened the prosecutor's family – part of a pattern of threats to families that dates back at least to the 2013 kidnapping. PSR ¶ 41. Defendant also committed this crime while incarcerated, demonstrating that previous prison sentences – including the 50 year sentence he is presently serving – are insufficient to deter his violent threats.

Indeed, when a family member of one of Defendant's prior victims was contacted about the instant offense by the Government, that victim[1] told the Government:

---

[1] The victim requested their name and which crime they were a victim of be kept anonymous because of a continuing fear of the defendant.

Sentencing Memorandum                                              2

> *"While it's deeply saddening to hear that he is now threatening the lives of others, it is unfortunately not surprising. It's even more heartbreaking to see that he has shown no remorse and no change in the way he treats people. The thought of him ever being released is terrifying, and I honestly don't know how I'd feel if that were to happen anytime soon."*

Significantly, after the jury's conviction, the Defendant told Probation[2] that "he will carry out the threats no matter when he is released." PSR ¶ 20. Under these circumstances, the only way to protect the public and deter future criminal conduct by the defendant is give him the maximum sentence allowed by law.

### III. Defendant's mitigating circumstances do not justify a sentence below the statutory maximum

While Defendant has some mitigating circumstances, including a youth where he moved several times between countries, PSR ¶ 62, potential mental health issues, PSR ¶ 67, and some history of substance abuse, PSR ¶ 74-77, these mitigating circumstances do not justify a reduced sentence. Indeed, Defendant, unlike many who come before the Court, had a "good childhood" where he was supported by his parents, both of whom are still in his life. PSR ¶ 58-59.

Taken collectively, whatever mitigating power these circumstances have do not outweigh the seriousness of the Defendant's conduct. He has had multiple opportunities to improve himself, including through the Maryland juvenile system, the Maryland Department of Corrections, and a prior stint in the BOP, but he has instead chosen to continue his violent, criminal behavior. Mitigating circumstances are most impactful in sentencing when they give the Court hope that a program of rehabilitation focused on a defendant's history can help make a positive change in that person's life: here, though, Defendant is obviously unwilling to make any changes, doubling down whenever he is given the opportunity for reform.

### IV. Conclusion

The defendant's complete lack of remorse, his history of violence, the ineffectiveness of

---

[2] The Government notes that Defendant chose to speak to Probation in English. The Government maintains that the Defendant's claim of a lack of English fluency was an effort to deceive the jury, an argument he advanced in trial and that Probation found constituted part of Defendant's pattern of obstruction of justice in this case. PSR ¶ 27.

Sentencing Memorandum                                3

previous prison sentences and his stated desire to continue committing violence when he is released support Probation's recommendation for 120 months in the Bureau of Prisons as the appropriate sentence consistent with the factors in 18 U.S.C. § 3553 and the Court's duty to protect the public from this unrepentantly dangerous individual for as long as the law allows. Under USSG § 5G1.3(a), this term should be imposed to run consecutively to his current sentence.

Dated: February 2, 2026                     Respectfully submitted,

                                              ERIC GRANT
                                              United States Attorney

                                  By      /s/ Robert L. Veneman-Hughes
                                       ROBERT L. VENEMAN-HUGHES
                                       JOSHUA B. BANISTER
                                       Assistant United States Attorneys

**CERTIFICATE OF SERVICE BY U.S. MAIL**

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Eastern District of California and is a person of such age and discretion to be competent to serve papers;

That on February 2, 2026, she served a copy of:

**SENTENCING MEMORANDUM**

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and its contents in the United States mail at Fresno, California.

Stanislav Yelizarov, #22187-055
USP Atwater
U.S. Penitentiary
P. O. Box 019001
Atwater, CA  95301

/s/ J. Jones
J. Jones